# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUIS D. CRAFT, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-11-925-R |
| | ) |
| JOHN MIDDLETON, et al., | ) |
| | ) |
|     Defendants. | ) |

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff names two defendants - Don Pope, contract attorney for Cimarron Correctional Facility (CCF)[1] and CCF Assistant Warden John Middleton. This report and recommendation addresses Defendant Pope's Motion for Summary Judgment (Defendant Pope's Motion) [Doc. No. 30], to which Plaintiff has responded (Plaintiff's Response) [Doc. No. 32]. For the reasons that follow, the undersigned recommends that Defendant Pope's motion be granted.

---

[1] Although Plaintiff was incarcerated at CCF at the time he filed his complaint, he has since been transferred to the Lawton Correctional Facility in Lawton, Oklahoma. *See* Notice of Change of Address [Doc. No 20].

**Plaintiff's Claim Against Defendant Pope**

As it relates to Defendant Pope, the undersigned has construed Plaintiff's action[2] to allege that his right of access to the courts was violated by Defendant Pope's (1) failure to respond timely to Plaintiff's request for legal materials, (2) production of irrelevant case law, and (3) failure to respond to a request for case law. According to Plaintiff, such action and/or inaction on the part of Defendant Pope resulted in the dismissal of a federal habeas petition filed by Plaintiff in this court. Plaintiff's Brief, pp. 2-4.

**Standard of Review**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while a *pro se* plaintiff's complaint is liberally construed, a *pro se* plaintiff must adhere to the same rules of procedure which are binding on all litigants. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a *pro se* plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined:

> [T]he plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

---

[2]Plaintiff's form complaint does not identify his claims. Rather, he has filed a separate, untitled document which has been construed as a brief in support of his complaint (Plaintiff's Brief) [Doc. No. 3].

>   to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Additionally, when an affirmative defense – such as the failure to exhaust administrative remedies – is asserted in a motion for summary judgment, Defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." Id.

## **Analysis**

Defendant Pope admits that under a contract with CCF, he is responsible for giving inmates at CCF legal assistance by providing legal materials, legal advice, and assistance in preparing documents for filing in court. *See* Defendant Pope's Motion, Ex. 2. According to Plaintiff, on September 28, 2010, he sent Defendant Pope a request for federal case law to support "an actual innocence claim" to be included in Plaintiff's federal habeas corpus petition. Plaintiff's Brief, pp. 7-8. Plaintiff asserts that he did not receive any cases from Defendant Pope until October 28, 2010, and that the case law which was ultimately provided "had no relation to plaintiff's [criminal] case." *Id.,* p. 8. Plaintiff contends that he later sent

3

another request for case law which Defendant Pope ignored. *See id.*, pp. 8-9. Plaintiff's federal habeas petition was eventually dismissed as time barred, and Plaintiff argues that such dismissal was caused at least in part by Defendant Pope's failure to provide the requested case law. *Id.*, pp. 9-10.

Defendant Pope seeks summary judgment, asserting that he did nothing to hinder Plaintiff's access to court and that Plaintiff failed to exhaust his administrative remedies with respect to that claim. Defendant Pope's Motion, pp. 3-12. For the following reasons, the undersigned finds that disputed material facts exist as to whether Plaintiff has properly exhausted. However, because undisputed material facts support Defendant's assertion that Plaintiff's right of access to the courts was not violated by Defendant Pope, it is recommended that Defendant Pope's motion for summary judgment be granted.

## I. Exhaustion of Administrative Remedies

### A. The Statutory Exhaustion Requirement

The PLRA requires that a prisoner exhaust *all* available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

court." *Jones,* 549 U.S. at 211. A prisoner successfully exhausts administrative remedies by properly completing the administrative review process established by the prison grievance procedure. *Id.* at 218; *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . .").

### B. The Administrative Process

Defendant Pope contends, and Plaintiff does not dispute, that in order to exhaust his claims at the administrative level, Plaintiff was required to comply with the "Offender Grievance Procedures" set forth at DOC OP-090124. Special Report, Ex. 4. Pursuant to the procedures in place when Plaintiff attempted exhaustion of his access to court claim,[3] Plaintiff was first required to attempt informal resolution with a staff member. *See id.*, ¶ IV. A. If that attempt was unsuccessful, Plaintiff could file a request to staff. *See id.*, ¶ IV. B. And, if he remained dissatisfied, Plaintiff had the opportunity to file a formal grievance. *See id.*, ¶ V. A. However, because Plaintiff had apparently been placed on grievance restriction,[4]

---

[3] The DOC Grievance Policy OP-090124 which is attached to the Special Report reflects an effective date of September 8, 2009. *See* Special Report, Ex. 4, p. 2. The undersigned has also taken judicial notice of an addendum to that policy (Addendum-01) which went into effect on July 27, 2010, and was in effect at the time Plaintiff filed the first relevant grievance in May 2011. That addendum added language granting the administrative reviewing authority the authority to return grievances and grievance appeals unanswered when they were not filed in accordance with procedures set forth in OP-090124. That addendum, attached hereto for the convenience of the Court and parties, has subsequently been incorporated into DOC Grievance Policy OP-090124 (eff. May 24, 2011). The undersigned has also taken judicial notice of this recent policy. *See* http://www.doc.state.ok.us/Offtech/op090124.pdf.

[4] In his response to Defendant Middleton's Motion for Summary Judgment, Plaintiff states that "Plaintiff was placed on greivance [sic] restriction, and must submit a verified affidavit."

5

he was required to submit with any grievance "a duly verified affidavit," "stating that all the contents of the grievance are true and correct" and listing "by grievance number, date, description, and disposition at each level, . . . all grievances previously submitted . . . within the last 12 months." *Id.*, ¶ X. B.  If Plaintiff remained dissatisfied at that level, he could then appeal to the DOC administrative reviewing authority (ARA).  *See id.*, ¶ VII.

### C. Plaintiff's Exhaustion Attempts

Relevant to Plaintiff's access to court claim, Plaintiff filed a request to staff on May 5, 2011, complaining that Defendant Pope was providing inadequate legal assistance.  *See* Special Report, Ex. 2, p. 72.  Relief was denied at that level and again when Plaintiff filed a grievance on the same subject.  *See id.*, pp. 69-72.  Plaintiff appealed, attaching a verified affidavit providing the contents of his previous grievances and listing those grievances by date, description, and disposition.  *See id.*, pp. 65-68.  Plaintiff's affidavit was signed and notarized on May 16, 2011.  *See id.*, pp. 67-68.  The DOC ARA rejected that grievance appeal, noting that "every page of [the] affidavit must be correctly completed and notarized." *Id.*, p. 64.  Plaintiff was also informed that he could correct the error and resubmit the grievance within 10 days.  *Id.*  Defendant Pope asserts that Plaintiff failed to resubmit the appeal and that Defendant is therefore entitled to summary judgment based on Plaintiff's failure to exhaust available remedies.

---

Plaintiff's Response [Doc. No. 31], p. 3.

**D. The Availability of the Exhaustion Process**

Plaintiff alleges that the grievance appeal he submitted was "within the policy requirements" Plaintiff's Brief, p. 6, and that the exhaustion process became unavailable because prison officials failed to "comply with its own policy and/or procedure." Plaintiff's Response, p. 6. Where officials exceed their authority in rejecting a grievance appeal, they "render that final step of exhaustion unavailable." *Little*, 607 F.3d at 1250; *see also Burnett v. Jones*, 437 Fed. Appx. 736, 741 (10th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1546 (2012) ("Improper rejection of a grievance appeal excuses the prisoner's failure to exhaust."). Here, the DOC ARA received Plaintiff's grievance appeal on May 20, 2011. *See* Special Report, Ex. 2, p. 65. The appeal was then rejected because Plaintiff had not "correctly completed and notarized" every page of his attached affidavit. *Id.*, p. 64. However, at that time the applicable DOC grievance policy did not require that a grievance affidavit be notarized, much less that it have every page notarized. *See id.*, Ex. 4, ¶ IX. B(2)(a) (requiring "a duly verified affidavit"). That requirement did not come until the policy was amended, 4 days after Plaintiff's grievance was received by the DOC ARA. *See* DOC OP-090124 (eff. May 24, 2011), ¶ IX. B(2)(a) (requiring in addition to "a duly verified affidavit" that "each page of the affidavit must be signed, verified and notarized[]"). Plaintiff otherwise seems to have complied with the policy requirements, in that his affidavit: (1) is verified, (2) states that the contents are true and correct, and (3) lists his prior grievances by number, date,

description, and disposition. *See id.*, Ex. 2, pp. 67-68.[5] Therefore, the undersigned finds that Defendant Pope has not demonstrated entitlement to judgment as a matter of law based on Plaintiff's failure to exhaust.

## II. **Defendant Pope's Motion Based on the Merits of the Access to the Court Claim**

Defendant Pope also asserts that he is entitled to summary judgment because the undisputed material facts show that Plaintiff was not denied access to court by any action or in action on the part of Defendant Pope. *See* Defendant Pope's Motion, pp. 3-8. The undersigned agrees.

The Fourteenth Amendment guarantees Plaintiff "the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993) (citations omitted). However, to prevail on a claim involving denial of court access, Plaintiff must show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (holding that to prevail on a claim involving court access, plaintiff "'must show that any denial or delay of access to the court prejudiced him in pursuing litigation'" (citations omitted)).

Plaintiff appears to assert that Defendant Pope's actions caused him to file his federal writ of habeas corpus petition out of time and prevented him from presenting a successful argument for equitable tolling. *See* Plaintiff's Brief, pp. 7-9. However, the undersigned finds based on the undisputed material facts that Defendant Pope was not responsible for the

---

[5]The copy of Plaintiff's affidavit attached to the Special Report is missing the second of three pages.

untimely filing or the subsequent dismissal of Plaintiff's habeas petition.

After his state conviction for assault and battery was affirmed in 2006 by the Oklahoma Court of Criminal Appeals, Plaintiff filing a petition for federal habeas relief in this court on November 15, 2010. *See* Plaintiff's Brief, Ex. 5 (Petition, CIV-10-1230 HE). That action was dismissed based on this court's finding that the petition was untimely, the statute of limitations on Plaintiff's claims having expired at the very latest on June 13, 2010.[6] *See* Defendant Pope's Motion, Ex. 10, pp. 3-4 and Ex. 11. Plaintiff alleges Defendant Pope was responsible for such dismissal because Defendant Pope failed to respond timely to Plaintiff's September 28, 2010, request for "federal cases to present an actual innocence claim." Plaintiff Brief, p. 8. Plaintiff also claims that the cases received from Defendant Pope on October 28, 2010, "had no relation to Plaintiff's case[,]" and that Defendant Pope failed to respond to Plaintiff's December 11, 2010, request for cases to use in responding to the motion to dismiss his habeas action. Plaintiff's Brief, pp. 8-9. Because it is undisputed that the applicable limitations period expired before Plaintiff's first request to Pope for legal materials, the undersigned finds that any delay in responding to Plaintiff's request could not have caused the untimely filing of the habeas petition.

---

[6]Judge Couch's Report and Recommendation in Plaintiff's habeas action, which was adopted by Judge Heaton, actually determined that Plaintiff's May 2005 conviction became final on June 13, 2006, and that the one year limitation period, including tolling, expired on March 21, 2008, over two years before Plaintiff filed his federal habeas action. Defendant Pope's Motion, Ex. 10, pp. 3-4 and Ex. 11. However, Judge Couch did also note that even liberally construing Plaintiff's "continued insistence" with respect to "newly discovered evidence" in the form of a witness's affidavit as an alternative argument that he did not discover the factual predicate of his claim until June 13, 2009, Plaintiff's habeas petition would have been due by June 13, 2010, and his November 15, 2010, petition was still untimely, having been filed more than 5 months late. *Id.,* Ex. 10, pp. 3-4, n. 2.

The undersigned likewise finds the undisputed material facts demonstrate that Defendant Pope was not responsible for Plaintiff's inability to present a successful equitable tolling argument. Plaintiff was advised on December 9, 2010, that he could respond to respondent's motion to dismiss. *See* Plaintiff's Brief, p. 8. Plaintiff alleges that he then requested legal materials from Defendant Pope, which he never received. *Id.*, pp. 8-9. Even if true,[7] Defendant Pope's failure to respond to the request did not cause Plaintiff's injury. Plaintiff asserts that he needed "cases relevant to show actual innocence" in order to survive dismissal. Plaintiff's Response, p. 3. However, Plaintiff wholly fails to show how case law would prove that he was *factually* innocent - rather than *legally* innocent. This distinction is vital because only a showing of *factual* innocence could have equitably tolled Plaintiff's habeas claims. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (noting that "actual innocence" may toll the statue of limitations but that "[l]egal innocence does not suffice for an actual innocence claim because actual innocence means factual innocence" (citation and internal quotations omitted)). Indeed, Plaintiff's claim of "actual innocence" was based on alleged evidence of "self-defense," which, in dismissing his habeas action, this court found was not a *factual* innocence argument so as to support equitable tolling. Defendant Pope's Motion, Ex. 10, pp. 2-3, 5-7 (Report and Recommendation), Ex. 11 (Order adopting); *see also Craft v. Jones*, 435 Fed. Appx. 789, 792 (10th Cir. 2011) (affirming the district court's dismissal of Plaintiff's habeas petition as untimely and holding that Plaintiff's

---

[7]Defendant Pope argues that his office did not receive any request for legal materials from Plaintiff after November 2010. Defendant Pope's Motion, p. 7 & Exs. 2-7, 13.

claim of "self-defense implicated legal innocence, not factual innocence" and did not support equitable tolling).

In light of the foregoing, the undersigned finds that the undisputed material facts demonstrate that no acts or failure to act by Defendant Pope caused the dismissal of Plaintiff's federal habeas action. Accordingly, the undersigned finds that Defendant Pope is entitled to judgment as a matter of law and recommends that Defendant Pope's motion be granted. *See, e.g., Smith v. Figeroe*, 456 Fed. Appx. 694, 695 (9th Cir. 2011) (affirming the granting of summary judgment on plaintiff's access to court claim where plaintiff could not show that missing documentation would have allowed him to pursue actual innocence claim in habeas petition).

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, the undersigned Magistrate Judge recommends that Defendant Pope's Motion for Summary Judgment [Doc. No. 30] be granted and judgment entered in favor of Defendant Pope.

The parties are advised of their right to object to this Report and Recommendation by September 6, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of August, 2012.

/s/ Bana Roberts
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE