**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LOUIS D. CRAFT, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-11-925-R |
| | ) |
| **JOHN MIDDLETON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Defendant John Middleton, Assistant Warden at Cimarron Correctional Facility (CCF), filed a Motion to Dismiss [Doc. No. 29] seeking dismissal for nonexhaustion of administrative remedies. However, because the undersigned finds that Plaintiff's allegations of retaliation fail to state a viable claim for relief against Defendant Middleton, it is recommended that Plaintiff's claim against Defendant Middleton be dismissed without inquiry into exhaustion of administrative remedies in accordance with 42 U.S. §1997e(c)(1) and (2).

The undersigned has construed Plaintiff's claim[1] against Defendant Middleton to be that he was placed in the Intensive Supervision Unit (ISU) at CCF in retaliation for having

---

[1] Plaintiff's form complaint [Doc. No.1] does not identify his claims. Rather, he has filed a separate, untitled document which has been construed as a brief in support of his complaint (Plaintiff's Brief) [Doc. No. 3].

filed a lawsuit against prison officials at the Davis Correctional Facility (DCF). Plaintiff's Brief, pp. 2-4.

## Standard of Review

The court "shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 . . . , by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted . . . ." 42 U.S.C. § 1997e(c)(1). The court may dismiss such action "without first requiring the exhaustion of administrative remedies." *Id.* § 1997(e)(c)(2).

"To survive . . . dismiss[al], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). Thus, a complaint must provide "more than labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (noting that "on a motion to dismiss courts are not bound to accept as true a legal conclusion couched as a factual allegation").

## **Analysis**

Plaintiff enjoys a federal constitutional right to file a lawsuit. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). And, "[i]t is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights].'" *Gee*, 627 F.3d at 1189 (citation omitted). However, "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons . . . merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Therefore, Plaintiff must allege specific facts showing that 'but for' Defendant's retaliatory motive, Plaintiff would not have been placed in ISU. *See id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990) and *Frazier v. Dubois,* 922 F.2d 560, 562 n. 1 (10th Cir. 1990)). Plaintiff must also allege that Defendant Middleton personally participated in the alleged retaliation. *See Henry v. Storey,* 658 F.3d 1235, 1241 (10th Cir. 2011) ("[Section] 1983 imposes liability for a defendant's own actions - personal participation in the specific constitutional violation is essential").

According to Plaintiff, on or about July 14, 2010, while he was housed at DCF, he received a Class 2-24 X misconduct and was found guilty of "menacing." Plaintiff's Brief, pp. 2, 11. Class 2-24 X menacing involves "communicating a threat to staff." DOC OP-060125, Attachment A, p. 2.[2] And, according to prison policy, any inmate with a Class X misconduct conviction or who has demonstrated any threatening or intimidating behavior

---

[2]The undersigned has taken judicial notice of the relevant disciplinary policy. *See* http://www.doc.state.ok.us/offtech/060125aa.pdf.

toward a staff member is eligible for placement in ISU. *See* CCA/Cimarron/Davis Correctional Facility Policy 10.102.4(A)(2)(b) & (g).[3] Plaintiff asserts that he was transferred to CCF on September 13, 2010, at his own request, and that "upon arrival he was placed into the (ISU) Program . . . ." Plaintiff's Brief, p. 11. He alleges that such placement was in retaliation for the "protected conduct" of "filing a Civil Complaint at Davis Corr. facility." *Id.*, p. 12. Plaintiff asserts that the restrictions accompanying such placement support his claim that "retaliation continued[]" and that "[p]lacement in the ISU program would deter a person of ordinary firmness from exercising his first amendment right." *Id.* Plaintiff concludes that he has therefore "shown a 'protected conduct' the defendant(s) 'adverse action,' and a causal connection." *Id.* Notwithstanding Plaintiff's conclusion, for the following reasons, the undersigned finds that Plaintiff has failed to state a viable claim for retaliation against Defendant Middleton.

The undersigned finds first that Plaintiff's claim of retaliation fails to allege that Assistant Warden Middleton personally participated in his placement in the ISU program.[4] Without an allegation of personal participation, Plaintiff cannot state a valid claim for relief

---

[3]The undersigned has also taken judicial notice of this prison policy found in the Special Report, Ex. 1 [Doc. No. 28] filed in accordance with this court's order and authorized under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

[4]Although such failure could arguably be corrected by amending the complaint, the undersigned notes that in a § 1983 action previously brought in this court (CIV-10-1091 R), Plaintiff identified CCF Warden Joseph Taylor as the official responsible for his placement in segregation following his transfer to CCF in September of 2010, specifically asserting that his constitutional rights were violated "when Warden Taylor placed Plaintiff into segregation for past misconduct" at DCF. *See Craft v. Taylor*, CIV-10-1091-R, Complaint [Doc. 1], p. 8.

against Defendant Middleton. *See Ledbetter v. City of Topeka,* Kan., 318 F.3d 1183, 1188 (10th Cir. 2003) (affirming dismissal of First Amendment retaliation claim because allegations were vague and lacking specificity and because complaint failed to allege how defendants participated in the alleged retaliation); *see also Rocha v. Zavaras*, 443 Fed. Appx. 316, 319 (10th Cir. 2011) (affirming dismissal of retaliation claim in part because plaintiff failed to allege that the named defendant personally participated in the alleged retaliation).

Moreover, Plaintiff fails to allege any facts showing that Defendant Middleton or any official at CCF had any knowledge of his lawsuit against officials at DCF. *See Thomas v. Parker*, No. CIV-07-599-W, 2008 WL 2894842, at *18 (W.D. Okla. July 25, 2008) (dismissing plaintiff's retaliation claim in part based on the prisoner's failure to allege "what knowledge, if any, the Defendants in this action had concerning the lawsuit" which was alleged basis for the retaliation), *affirmed*, 318 Fed. Appx. 626, 627 (10th Cir. 2009); *Boyd v. Tkach*, No. 99-cv-02431-ZLW-CBS, 2008 WL 784398, at *6 (D. Colo. Mar. 20, 2008) (dismissing prisoner's retaliation claim in part because inmate had failed to allege that prison officials had even been aware of the underlying exercise of a constitutional right and therefore had failed to state a valid claim regarding any "temporal relationship between his alleged complaints and his removal from the program").

Plaintiff also fails to allege that "but for" a retaliatory motive on the part of Defendant Middleton, he would not have been placed in ISU. Although he speculates that such placement was in retaliation for his filing a civil lawsuit, Plaintiff admits he had been convicted of a Class X misconduct at DCF, Plaintiff's Brief, p. 11, which, as noted, made

him eligible for placement in ISU. The undersigned also notes that according to Plaintiff the retaliatory act - his placement in ISU - occurred "upon [his] arrival" at CCF in September of 2010; however, the protected conduct which he identifies - his filing of a civil action against DCF - did not occur until October 12, 2010, a month after the alleged retaliation.[5]

For these reasons, the undersigned finds that Plaintiff has failed to allege facts supporting a causal "but for" relationship between his protected activity and his placement in ISU, and it is therefore recommended that Plaintiff's claim against Defendant Middleton be dismissed.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that on screening, the retaliation claim against Defendant Middleton be dismissed for failure to state a valid claim for relief. Adoption of this recommendation would moot Defendant Middleton's Motion to Dismiss [Doc. No. 29], Plaintiff's pending motion to compel discovery [Doc. No. 37],[6] and Plaintiff's motion for a *Martinez* hearing [Doc. No. 40].[7] It is also recommended that Plaintiff's motions to amend to add new parties [Doc. Nos. 33, 36] be denied. Plaintiff is attempting to assert entirely unrelated claims against entirely

---

[5] The undersigned has taken judicial notice of the docket in the United States District Court for the Eastern District Oklahoma which reflects an October 12, 2010, filing date for *Craft v. Olden, et al.*, No. CIV-10-375 RAW, the civil case identified by Plaintiff as his "protected conduct." Plaintiff's Brief, pp. 11-12.

[6] The documents Plaintiff wishes to compel are irrelevant to the issues discussed herein.

[7] Like his motion to compel discovery, Plaintiff's motion for a *Martinez* hearing does not relate to any issues addressed herein.

different defendants. If Plaintiff wishes to pursue these new claims, he should file a separate complaint. Finally, the undersigned recommends denial of Plaintiff's motion for a temporary restraining order and preliminary injunction [Doc. No. 41] as the motion complains about unrelated actions at a different facility by unnamed prison officials and is otherwise moot.

The parties are advised of their right to object to this Report and Recommendation by September 10, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.[8]

ENTERED this 20th day of August, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[8] In another report and recommendation, the undersigned has recommended granting summary judgment to the only other defendant, CCF contract attorney Don Pope.