## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LOUIS D. CRAFT, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-11-925-R** |
| | ) | |
| **JOHN MIDDLETON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Before the Court is the Report and Recommendation of United States Magistrate Judge Bana Roberts entered August 20, 2012 [Doc. No. 46], recommending dismissal of Plaintiff's claim against Defendant Middleton for failure to state a claim on which relief can be granted. Also before the Court is Plaintiff's objection to the Report and Recommendation and request for leave to amend. Doc. No. 48. In actuality, however, Plaintiff makes no objection to the Report and Recommendation but simply seeks leave to amend to substitute Warden Joseph Taylor in place of Defendant John Middleton. Plaintiff states that he can say that Warden Joseph Taylor placed Plaintiff in the ISU Program on September 13, 2010. Objection at p. 3. Plaintiff apparently also wants to join other parties as Defendants, either on the retaliation claim or on new claims. *See* Objection at pp 5-7.

Although leave to amend is to be freely granted, *see* F.R.Civ.P. 15(a)(2), leave may properly be denied where an amendment would be futile. *See e.g., Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012). Plaintiff has not submitted a proposed Amended Complaint but in his objection/request for leave to amend he has not stated any facts showing that Warden Joseph Taylor personally participated in Plaintiff's placement in the ISU program, much less that Warden Taylor knew of Plaintiff's lawsuit against DCF officials. Additionally, Plaintiff admits that he had been convicted of a Class X misconduct at DCF. This conviction made Plaintiff eligible for placement

in ISU, which occurred immediately upon his transfer from DCF to CCF in September of 2010.

Plaintiff has not alleged and arguably cannot show that "but for" a retaliatory motive on the part of

Warden Taylor, he would not have been placed in ISU.  And finally, because the protected conduct

which Plaintiff has identified – the filing of suit against DCF officials – did not occur until October

12, 2010, *after* the alleged retaliatory placement in ISU, Plaintiff could not show a causal

relationship between the alleged protected activity and Plaintiff's placement in ISU.  In other words,

any retaliation claim against Warden Joseph Taylor would suffer from the same deficiencies as

Plaintiff's retaliation claim against Defendant Middleton identified by the Magistrate Judge.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge

entered August 20, 2012 [Doc. No. 46] is ADOPTED, Plaintiff's Complaint against Defendant

Middleton is DISMISSED and Plaintiff's request for leave to amend his Complaint to substitute and

add new parties, *see* Doc. No. 48, is DENIED.  Defendant Middleton's motion to dismiss [Doc. No.

29] is DENIED as moot and Plaintiff's other pending motions [Doc. Nos. 37, 40, 33, 36 & 41] are

DENIED.

IT IS SO ORDERED this 6th day of September, 2012.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE